**Hidalgo GALICIA–OROZCO,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

**No. 10–71338.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed Feb. 22, 2012.

Thomas A. Lappin, Esquire, Law Office of Thomas A. Lappin, San Diego, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Oil, David V. Bernal, Assistant Director, Colette Jabes Winston, Esquire, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Hidalgo Galicia–Orozco, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals' decision dismissing his appeal from the immigration judge's denial of his applications for withholding of removal and relief under the Convention Against Torture.

Petitioner alleges that he fears persecution from gang members because of his membership in a social group consisting of "victims of criminal street gangs." Substantial evidence supports the BIA's finding that petitioner failed to establish that he was targeted, or will be targeted, because of his membership in a social group. *See Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir.2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Ramos–Lopez v. Holder,* 563 F.3d 855, 861–62 (9th Cir.2009) (social group must be sufficiently particular, and not too broad and diverse). Because petitioner did not establish a nexus to a protected ground, petitioners' withholding of

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

removal claim fails. *See INS v. Elias– Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence supports the agency's denial of Galicia–Orozco's CAT claim because petitioner failed to demonstrate the government would acquiesce in the gang's criminal actions, or that it is more likely than not that he will be tortured if he returns to Guatemala. *See Santos– Lemus v. Mukasey,* 542 F.3d 738, 748 (9th Cir.2008)

**PETITION FOR REVIEW DENIED.**